UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-24285-Civ-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VILBRUN SIMON,
SAINTANISE AGENORD,
WILCIENNE PIERRE, and
SIMON ACCOUNTING & TAX
SERVICES, LLC

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION
## TO STRIKE DEFENDANTS' JURY DEMAND

This matter is before the Court on the United States of America's ("Plaintiff") motion to strike Vilbrun Simon's, Saintanise Agenord's, Wilcienne Pierre's, and Simon Accounting & Tax Services, LLC's (collectively, "Defendants") jury trial demand. [D.E. 22]. After careful consideration of the motion, relevant authority, and for the reasons discussed below, Plaintiff's motion to strike Defendants' jury trial demand is **GRANTED**.[1]

---

[1] Because no response was filed in opposition to Plaintiff's motion to strike, the relief requested may also be granted by default under Local Rule 7.1. *See, e.g.*, *Reassure Am. Life Ins. Co. v. Shomers*, 2010 WL 11506256, at *1 (S.D. Fla. Nov. 9, 2010) (granting motion to strike jury trial demand by default under Local Rule 7.1).

1

## I.   ANALYSIS

Plaintiff filed this action on November 28, 2017 [D.E. 1] against Defendants seeking injunctions under 26 U.S.C. §§ 7402(a), 7407, and 7408. Plaintiff alleges that Defendants engaged in fraudulent practices as tax return preparers to minimize the amount of tax that customers reported and to maximum their customers' refunds. Plaintiff contends that Defendants' schemes also included fabricating business income, claiming falsified itemized deductions, and claiming tax credits for their customers that they were not eligible to claim. As a result, Plaintiff seeks to enjoin Defendants from continuing to prepare federal tax returns and engaging in other specified conduct.

In their answer to the complaint, Defendants demanded a jury trial. Plaintiff claims that Defendants are not entitled to a jury trial because injunctive relief is an equitable remedy. Plaintiff further argues that the Federal Rules provide for a jury trial only where the right to a jury is protected under the Seventh Amendment or "provided by a federal statute." Fed. R. Civ. P. 38(a). Because the Seventh Amendment is not implicated here, and there is no federal statute that authorizes a jury trial for injunctive relief claims, Plaintiff concludes that Defendants' jury demand must be stricken.

"[T]he right to a jury trial in the federal court is to be determined as a matter of federal law." *Phillips v. Kaplus,* 764 F.2d 807, 812 (11th Cir. 1985). Rule 38 provides for a jury trial only where the right is "declared by the Seventh

Amendment to the Constitution" or "provided by a federal statute." Fed. R. Civ. P. 38(a). Rule 39(a) clarifies that, when a jury trial is demanded, the action must be tried by a jury on all issues so demanded "unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). Determining whether a right to a jury trial exists turns on whether the claims were historically cognizable at law or considered equitable. *Phillips*, 764 F.2d at 813. "For those claims which traditionally were cognizable at law, the right to a jury is generally preserved; for those claims which historically were considered equitable, no jury trial is mandated." *Id.* In other words, "the right to a jury trial does not extend to cases in which only equitable rights are at stake." *Waldrop v. S. Co. Servs.*, 24 F.3d 152, 156 (11th Cir. 1994) (citation omitted).

Here, Plaintiff's arguments are well taken because the only relief sought in the complaint is an injunction against Defendants – which is an equitable remedy that is not entitled to a jury trial. The Eleventh Circuit has also held that "a right to a jury trial does not exist for suits seeking only injunctive relief, which is purely equitable in nature." *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1088 (11th Cir. 2016) (citing *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719 (1999); *CBS Broad., Inc. v. EchoStar Commc'ns Corp.*, 450 F.3d 505, 517 n.25 (11th Cir. 2006)). Because the Eleventh Circuit has decided the question presented and held that a right to a jury trial does not exist for complaints seeking

3

only injunctive relief, Plaintiff's motion to strike Defendants' jury trial demand is **GRANTED**.

## II. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to strike Defendants' jury trial demand is **GRANTED**. [D.E. 22].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of July, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge